**24**

**LI MEI LIU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3479–AG.**

United States Court of Appeals,
Second Circuit.

July 20, 2006.

Karen Jaffe, New York, NY, for Petitioner.

Glenn Suddaby, United States Attorney for the Northern District of New York, Brenda Sannes, Senior Litigation Counsel, William C. Pericak, Paul D. Silver, Assistant United States Attorneys, Albany, NY, for Respondent.

Present PIERRE N. LEVAL, ROBERT D. SACK and RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Li Mei Liu, a citizen of China, through counsel, petitions for review of the BIA's order affirming Immigration Judge ("IJ") Adam Opaciuch's decision denying Liu's claims for asylum, withholding of removal and relief under the Convention Against

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

 In this case, the IJ found Liu's testimony non-credible and implausible because, among other things: (1) Liu testified that the officials never looked for his wife at their home nor questioned him with regard to his wife's whereabouts; (2) Liu testified that his wife went into hiding at his uncle's home, yet the return address from the letter she sent and her household register indicate that she is not in hiding; (3) it was implausible that the government would issue a household register for Liu's wife in light of the fact that she owed a 10,000 RMB fine; (4) Liu testified that the physician who performed his wife's abortion did not first verify that she was pregnant; and (5) Liu testified that his wife became pregnant in August 2000, yet he stated that she was not due to give birth until September 2001. Except to the extent that his decision hinges on background reports that do not appear in the record, the IJ provided "specific, cogent reasons" that "bear a legitimate nexus" to his adverse credibility finding. *Zhou Yun Zhang,* 386 F.3d at 74. Because we can confidently predict that the IJ would reach the same decision without relying on the missing background reports, we see no reason to disturb his finding. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006).

 Liu has not meaningfully challenged the IJ's denial of his withholding of removal claim or his claim for CAT relief, in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).